UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

METROPOLITAN LIFE INSURANCE
COMPANY,

    Plaintiff,

v.

JOSEPH SKINNER, III,
JOLEEN SKINNER,
SHIRLEY WILLIAMS,
SAMANTA[1] SKINNER,
GERMAIN SKINNER, and
ROME SKINNER,

    Defendants.
_____/

Case No. 4:23-cv-12969
District Judge F. Kay Behm
Magistrate Judge Kimberly G. Altman

## REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (ECF No. 28)

### I.    Introduction

This is an interpleader case. The decedent, Joseph Skinner, Jr. was a retired employee of General Motors and a participant in an ERISA benefit plan (the Plan) administered by plaintiff Metropolitan Life Insurance Company (Met Life). Met Life filed a complaint against Joseph Skinner III, Joleen Skinner, Shirley Williams, Samantha Skinner, Germain Skinner, and Rome Skinner, all of whom are

---

[1] The caption identifies the defendant as "Samanta Skinner," which appears to be a misspelling as service documents show her name as Samantha Skinner.

1

decedent's children,[2] regarding a 50% share of decedent's life insurance benefits in the amount of $16,146.00 plus any applicable interest. According to the complaint, Met Life is unable to determine to whom the 50% share of benefits should be paid. The case has been referred to the undersigned for all pretrial proceedings. (ECF No. 15). Before the Court is Met Life's motion for default judgement as to Joleen.[3] (ECF No. 28). For the reasons that follow, it is RECOMMENDED that the motion be GRANTED.

## II.   Background

At the time of his death, decedent was a retired employee of General Motors and a participant in the Plan, which provided for a life insurance benefit in the amount of $32,292.00. Decedent died on October 28, 2021, from a gunshot wound, and his death was ruled a homicide. Joseph pled not guilty by reason of insanity to his father's murder. According to Met Life's most recent designation of beneficiary form, dated November 11, 2020, Joseph and Joleen are each 50% beneficiaries. After being informed that Joleen was not a suspect in decedent's death, Met Life paid her a 50% share of the benefit of $16,146.00, consisting of $8,821.30 to her and $8,976.90 to the Lawrence E. Moon Funeral Home under an

---

[2] Because most of the defendants share a common last name, they will be referred to by their first names.
[3] Met Life previously moved for a default judgment as to Joseph. (ECF No. 18). The undersigned issued a Report and Recommendation, recommending that the motion be granted. (ECF No. 21).

assignment. Met Life did not pay the remaining 50% share to Jospeh because under Michigan's slayer statute, M.C.L. § 700.2802, Joseph is not entitled to a share if he "feloniously and intentionally kill[ed]" his father. The law is apparently unclear as to whether an insanity plea triggers the slayer statute. (ECF No. 1, PageID.7). Further, Met Life received a letter from Samantha "indicating a belief that Joleen conspired with Joseph to kill" their father. (*Id.*). If true, Met Life says that impacts Joleen's entitlement to any of the remaining benefits.

Being therefore unable to determine the entitlement to the remaining benefits of $16,146.00, Met Life filed a complaint on November 23, 2023. (ECF No. 1). Summons were issued as to all defendants. *See* ECF Nos. 2 and 11. Waivers were returned executed by Samantha, Rome, Shirley, Germain, and Joseph. *See* ECF Nos. 5, 6, 7, 9, and 10. Samantha, Rome, Shirley, and Germain filed a joint *pro se* answer. (ECF No. 8).

As to Joleen, Met Life filed a motion to serve her by alternate means. (ECF No. 14). The undersigned granted the motion, (ECF Nos. 16, 17), and Met Life served Joleen as described below.

### III.   Discussion

Rule 4 of the Federal Rules of Civil Procedure requires the plaintiff to serve a copy of the summons and complaint on the defendant. Fed. R. Civ. P. 4(c)(1).

The defendant then has 21 days from the date of service to file its answer. Fed. R. Civ. P. 12(a)(1)(A)(1).

Under Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once this step is satisfied, a party "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). Under Rule 55(b), a court may enter a default judgment if the plaintiff's claim is not for "a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b). Before a default judgment can be granted, a plaintiff must satisfy the Court that a defaulting, unrepresented defendant (1) was properly served, (2) "failed to plead or otherwise defend," (3) is not a "minor or incompetent person," and (4) is not in military service. *See* Fed. R. Civ. P. 55; 50 U.S.C. § 3931(b)(1); *Broadcast Music, Inc. v. Marler*, No. 1:09-cv-193, 2009 WL 3785878 (E.D. Tenn. Nov. 12, 2009). Upon entry of default judgment, the factual allegations of the complaint are accepted as true. *United States v. Conces*, 507 F.3d 1028, 1038 (6th Cir. 2007).

Here, Joleen was served by alternate means, with the summons and complaint being posting at her last known address, 7088 Yorkshire Drive, Bldg. 5, Flint, MI 48505, on January 21, 2025; and notice was published once a week in the Detroit Legal News for three consecutive weeks on January 17, 24 and 31, 2025.

*See* ECF No. 22 – certificate of service and affidavit of posting and publication. After Joleen failed to answer, Met Life requested a Clerk's entry of default. (ECF No. 23). The Clerk entered a default on March 4, 2025. (ECF Nos. 24, 25). To date, Joleen has not moved to set aside the Clerk's entry of default or otherwise appeared or taken any action in this case.

Based on the above, Met Life has shown that Joleen was served and has failed to plead or defend the case, thus satisfying two of the four requirements for entry of a default judgment. Met Life has also represented that to the best of its knowledge, Joleen is not a minor, in military service, or an incompetent person. (ECF No. 28, PageID.251). Thus, Met Life has satisfied all the requirements for obtaining a default judgment under Rule 55.

In an interpleader action like this one, courts enter default judgment as to "[a] named interpleader defendant who fails to answer the interpleader complaint" or "assert a claim" to the funds. *Prudential Ins. Co. of Am. v. Amarante*, No. 18-CV-13618, 2019 WL 1397247, at *2 (E.D. Mich. Mar. 28, 2019) (internal quotation marks and citation omitted); *Unum Life Ins. Co. of Am. v. Lytle*, No. 18-13234, 2019 WL 668159, at *2 (E.D. Mich. Feb. 19, 2019) (cleaned up) (*quoting Aetna Life Ins. Co. v. Gablow*, No. 09-14049, 2010 WL 4024719, at *2 (E.D. Mich. Oct. 13, 2010)) ("A named interpleader defendant who fails to answer the interpleader complaint and assert a claim to the res forfeits any claim of

5

entitlement that might have been asserted."). By failing to respond, the interpleader defendant " 'forfeits any claim of entitlement that might have been asserted.' " *Amarante,* 2019 WL 1397247, at *2 (quoting *Lytle*, 2019 WL 668159, at *2); *see also Columbus Life Ins. Co. v. Walker-Macklin*, No. 1:15-CV-535, 2016 WL 4007092, at *2 (S.D. Ohio July 25, 2016) (collecting cases and noting that "[d]efault judgment may be entered against a defendant who fails to answer an interpleader complaint"), *report and recommendation adopted*, 2016 WL 4449570 (S.D. Ohio Aug. 24, 2016). In short, the default judgment against an interpleader defendant provides that the defaulted party is not entitled to a share of the claim.

Here, Joleen was served with the complaint, has not responded, is not a minor, in the military, or incompetent. As such, a default judgment should enter against her providing that she is not entitled to a share of the proceeds at issue.

## IV. Conclusion

For the reasons stated above, it is RECOMMENDED that Met Life's motion for default judgment be GRANTED, and a judgment enter against Joleen that provides that Joleen is not entitled to any share of the judgment proceeds in this interpleader action and that Met Life, General Motors, and the General Motors Plan are discharged from further liability to Joleen relating to the life insurance

benefits at issue.[4]

Dated: March 24, 2025                                  s/Kimberly G. Altman
Detroit, Michigan                                      KIMBERLY G. ALTMAN
                                                               United States Magistrate Judge

## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an

---

[4] Met Life has attached a proposed order of default judgment to its motion for the Court's consideration. (ECF No. 28-1).

7

objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 24, 2025.

> s/Dru Jennings
> DRU JENNINGS
> Case Manager